## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE:<br><br>HO WAN KWOK, *et al.*,<br><br>*Debtors.* | Chapter 11<br><br>Case No: 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS,<br>Chapter 11 Trustee<br><br>*Plaintiff,*<br><br>vs.<br><br>LEICESTER HILL INFROMATICES LLC,<br><br>*Defendant.* | Adversary Proceeding No. 24-05074 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE ADVERSARY COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND <u>DEMAND FOR JURY TRIAL</u>

Leicester Hill Informatics[1] LLC, the defendant in the above-referenced adversary proceeding (the "Defendant") by and through its undersigned counsel, hereby answers the Complaint (A.P. Dkt. # 1) of Luc A. Despins (the "Plaintiff"), as the Chapter 11 Trustee of the Bankruptcy Estate of Ho Wan Kwok, et al. (the "Debtors").

### <u>NATURE OF ACTION</u>

1. The Defendant is informed and believes that the status of the case is as reflected in the Court records but, except as so admitted, denies each and every allegation of Paragraph 1 of the Complaint.

2. The Defendant is without knowledge or information sufficient to form a belief as

---

[1] The name of the defendant is misspelled as "Leicester Hill Infromatices LLC" in the caption of this case.

1

to the truth of the allegations in Paragraph 2 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 2 of the Complaint.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. In response to paragraph 4 of the Complaint, the Defendant denies. The Plaintiff's Complaint contains claims over which this Court has no jurisdiction pursuant to *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011). In the event that this Court does find that it has jurisdiction, the Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court, and does not consent to the entry of a final order by the Bankruptcy Court.

5. Paragraph 5 of the Complaint is a statement of law to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

6. Paragraph 6 of the Complaint is a statement of law to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## THE PARTIES

7. The Defendant is informed and believes that the status of the case is as reflected in the Court records but, except as so admitted, denies each and every allegation of Paragraph 7 of the Complaint.

8. In response to the paragraph 8 of the Complaint, the Defendant admits.

## FACTS

**A.     Chapter 11 Case**

9.      The Defendant is informed and believes that the status of the case is as reflected in the Court records but, except as so admitted, denies each and every allegation of Paragraph 9 of the Complaint.

10.     The Defendant is informed and believes that the status of the case is as reflected in the Court records but, except as so admitted, denies each and every allegation of Paragraph 10 of the Complaint.

11.     The Defendant is informed and believes that the status of the case is as reflected in the Court records but, except as so admitted, denies each and every allegation of Paragraph 11 of the Complaint.

12.     The Defendant is informed and believes that the status of the case is as reflected in the Court records but, except as so admitted, denies each and every allegation of Paragraph 12 of the Complaint.

**B.     Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

13.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 13 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 13 of the Complaint.

14.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 14 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 14 of the Complaint.

15.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 15 of the Complaint. To the extent a response is required,

the Defendant denies Paragraph 15 of the Complaint.

C. **Debtor's Conduct to Hinder, Delay, and/or Defraud Creditors**

16. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 16 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 16 of the Complaint.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 17 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 17 of the Complaint.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 18 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 18 of the Complaint.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 19 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 19 of the Complaint.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 20 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 20 of the Complaint.

21. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 21 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 21 of the Complaint.

22. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 22 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 22 of the Complaint.

23. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 23 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 23 of the Complaint.

24. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 24 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 24 of the Complaint.

25. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 25 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 25 of the Complaint.

### D.    **Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

26. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 26 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 26 of the Complaint.

27. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 27 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 27 of the Complaint.

28. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 28 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 28 of the Complaint.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 29 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 29 of the Complaint.

### E.    **Transfers to the Defendant**

30. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and in Exhibit A. To the extent a response is required, the Defendant denies paragraph 30 of the Complaint and denies Exhibit A.

31. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 31 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains statements and a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

### **FIRST CLAIM**

### **(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

33. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 32 above.

34. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 34 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 34 of the Complaint.

35. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 35 of the Complaint and its subparagraphs. To the extent a response is required, the Defendant denies Paragraph 35 of the Complaint and its subparagraphs.

36. In response to paragraph 36 of the Complaint, the Defendant denies paragraph 36 of the Complaint.

## SECOND CLAIM

### (Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))

37. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 32 above.

38. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 38 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 38 of the Complaint.

39. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 39 of the Complaint and its subparagraphs. To the extent a response is required, the Defendant denies Paragraph 39 of the Complaint and subparagraphs.

40. In response to paragraph 40 of the Complaint, the Defendant denies paragraph 40 of the Complaint.

## THIRD CLAIM

### (Claim to Avoid and Recover Constructive Fraudulent Transfer Pursuant to Bankruptcy Code §§ 548(a)(1)(B) and 550(a))

41. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 32 above.

42. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 42 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 42 of the Complaint.

43. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 43 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 43 of the Complaint.

44. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 44 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 44 of the Complaint.

45. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 45 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 45 of the Complaint.

46. In response to paragraph 46 of the Complaint, the Defendant denies paragraph 46 of the Complaint.

## FOURTH CLAIM

### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))

47. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 32 above.

48. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 48 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 48 of the Complaint.

49. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 49 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 49 of the Complaint.

50. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 50 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 50 of the Complaint.

51. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 51 of the Complaint. To the extent a response is required,

the Defendant denies Paragraph 51 of the Complaint.

52. In response to paragraph 52 of the Complaint, the Defendant denies paragraph 52 of the Complaint.

**WHEREFORE**, based upon the foregoing, the alleged avoidable transfers are not recoverable by the Plaintiff. The Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

Without undertaking any burden of proof not otherwise assigned to it by law, Defendant asserts the following affirmative defenses with respect to the claims the Plaintiff asserts in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

53. The Plaintiff is barred from recovering the alleged fraudulent transfers (the "Transfers") because at all times relevant to the matters complained of, the Debtor was solvent and was not rendered insolvent or left with unreasonably small capital as result of any transactions with the Defendant. Consequently, the Defendant's claims may not be disallowed.

## SECOND AFFIRMATIVE DEFENSE

54. The alleged Transfers to the Defendant were payments related to the agreements between the Defendant and the Debtor.

55. The claims of the Plaintiff are barred, in whole or in part, pursuant to 11 U.S.C. § 550(b) by reason that Defendant, to the extent he took any Transfer, took the alleged transfers for value, in good faith, and without knowledge of the voidability of the alleged Transfers.

### THIRD AFFIRMATIVE DEFENSE

56. The alleged Transfers to the Defendant were payments related to the agreements between the Defendant and the Debtor.

57. The claims of the Plaintiff are barred, in whole or in part, by reason that, to the extent that it received any Transfers, the Defendant was at all times a good faith transferee for reasonably equivalent value pursuant to 11 U.S.C § 548(c).

### FOURTH AFFIRMATIVE DEFENSE

58. The Plaintiff is barred from recovering, in whole or in part, by the doctrines of laches, or waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

59. The Defendant denies these allegations to the extent that the Defendant has earmarking defense.

### SIXTH AFFIRMATIVE DEFENSE

60. The Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

61. The Transfers cannot be recovered to the extent that the Defendant is a secured creditor under applicable state and/or federal law.

### EIGHTH AFFIRMATIVE DEFENSE

62. The Defendant denies these allegations to the extent that the Defendant was not an initial transferee within the meaning of 11 U.S.C. § 550 and acted as a mere conduit.

## NINTH AFFIRMATIVE DEFENSE

63. To the extent applicable, the Plaintiff's claims are barred by the doctrine of necessity.

## TENTH AFFIRMATIVE DEFENSE

64. To the extent that the Defendant has engaged in any conduct alleged in the Complaint, which is denied, its conduct was reasonable, in good faith, justified, privileged, and/or in pursuit of lawful and legitimate business concerns.

## ELEVENTH AFFIRMATIVE DEFENSE

65. The Plaintiff cannot recover the Transfers because they were never property of the Debtors' estate.

## TWELFTH AFFIRMATIVE DEFENSE

66. The claims of the Plaintiff are barred, in whole or in part, by reason that Defendant lacked actual knowledge of fraud, misappropriation, or any other misconduct on the part of the Debtors and/or anyone acting by, through, for, or against it.

## THIRTEENTH AFFIRMATIVE DEFENSE

67. The Plaintiff's Complaint contains claims which, pursuant to *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011) are claims which implicate only private rights. Consequently, the Bankruptcy Court has no authority to issue final judgments over those private rights claims without the consent of the Defendant.

68. The Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of final orders by the Bankruptcy Court.

### FOURTEENTH AFFIRMATIVE DEFENSE

50. The Plaintiff's claims are barred in whole or in part by setoff and/or recoupment.

### FIFTEENTH AFFIRMATIVE DEFENSE

69. The Defendant hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend his answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiffs may have in connection with the claims asserted in the Complaint.

### TO THE EXTENT ALLOWED BY LAW JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, IF ANY.

Dated: May 21, 2024.                         Respectfully submitted,

**LAW OFFICE OF RONALD I. CHORCHES, LLC.**
By: */s/ Ronald I. Chorches*
Ronald I. Chorches, Esq.
Fed Bar #ct08720
Law Offices of Ronald I. Chorches, LLC
82 Wolcott Hill Rd
Wethersfield, CT 06109
Tel: (860) 563-3955/Fax: (860) 513-1577
Email: ronchorcheslaw@sbcglobal.net

and

**JONES & ASSOCIATES**
By: */s/ Roland Gary Jones*
Roland Gary Jones, Esq.
New York Bar No. RGJ-6902
1325 Avenue of the Americas, 28th Floor
New York, NY 10019
Tel: (347) 862-9254 Fax: (212) 202-4416
Email: rgj@rolandjones.com
*Pro Hac Vice to be filed*
*Counsels for the Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of May, 2024, in accordance with Rules 7004(a), and 9014 F.R.Bankr.P., the undersigned serve a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to the Adversary Complaint to Avoid Fraudulent Transfers and Demand for Jury Trial via Electronic Filing or First Class Mail postage pre-paid upon the following:

**U.S. Trustee**
Holley Claiborn, Esq.
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Rm. 302
New Haven, CT 06510

**Counsel for Plaintiff**
Patrick R. Linsey, Esq.
Douglas S. Skalka, Esq.
Neubert Pepe & Monteith, P.C.
195 Church Street, 13th Fl.
New Haven, CT 06510
plinsey@npmlaw.com
dskalka@npmlaw.com

/s/ *Ronald I. Chorches*
Ronald I. Chorches